<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABOVE AND BEYOND - BUSINESS TOOLS AND SERVICES FOR ENTREPRENEURS, INC.,**<br><br>                Plaintiff,<br><br>       v.<br><br>**IRA CORNELIUS,**<br><br><br><br>                Defendant. | Civil Action No. 21-3157 (ZNQ) (DEA)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

      This matter comes before the Court upon Defendant Ira Cornelius' Motion to Dismiss and in the Alternative Motion to Transfer under Federal Rules of Civil Procedure 12(b)(2)–(3). (ECF No. 9.) In support of the Motion, Defendant filed a Brief and an unsworn declaration. (Def. Br., ECF No. 9-3; Def. Decl. attached as Ex.1, ECF No. 9-2.) Plaintiff Above and Beyond - Business Tools and Services for Entrepreneurs, Inc. opposed ("Opp'n Br.," ECF No. 10). On April 26, 2021, Defendant replied. ("Reply Br., ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, Defendant's Motion will be DENIED.

**I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

      Plaintiff Above and Beyond - Business Tools and Services for Entrepreneurs, Inc., ("Beyond" or "Plaintiff") is a corporation that is incorporated under the state laws of Delaware

with its principal place of business in Trenton, New Jersey. (Compl. ¶ 5.) Defendant Ira Cornelius ("Defendant" or "Cornelius") is a resident of Arizona and was formerly employed by Plaintiff. (Compl. ¶ 6.) Cornelius is no longer employed by Plaintiff and currently operates Cornelius Consulting, LLC, a limited liability company in Peoria, Arizona. (Compl. ¶ 6–7.)

From May 2017 through February 2020, Cornelius was a Beyond employee and resided in Peoria, Arizona throughout his employment. (Compl. ¶¶ 6, 31, 56; Def. Decl. ¶¶ 2–3.) On January 31, 2018, the parties executed an Employment Agreement. (Compl. ¶ 31, Ex. A.) The parties did not negotiate the terms of the Employment Agreement, and Cornelius did not receive an exchanged benefit in signing the Employment Agreement. (Def. Decl. ¶ 7.) The Employment Agreement, which includes provisions (a) – (r), outlines the terms and conditions of Cornelius' employment with Beyond.[1] (Ex. A.) According to provision (p) —Governing Law; Exclusive Venue —the Employment Agreement states that,

> This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey, and no conflict-of-laws provisions shall be invoked to permit the application of the laws of any other state or jurisdiction. The parties hereto hereby agree that the exclusive and convenient forum and venue for any disputes between any of the parties hereto arising out of this Agreement shall be any proper state or federal court for Mercer County, New Jersey, and each of the parties hereto hereby submits to the personal jurisdiction of any such court. Employee hereby agrees and consents to the personal and exclusive jurisdiction of said courts over him/her as to all suits, actions and proceedings arising out of or related to this Agreement. The foregoing shall not limit the rights of any party to obtain execution of judgment in any other jurisdiction.

Furthermore, provision (h) Business Protection Covenants, and sub-provisions (ia-iib) prohibit Cornelius from disclosing Beyond's confidential business interests and practices, and prevents

---

[1] Plaintiff alleges that Defendant has breached various provisions and sub-provisions of the executed Employment Agreement. For the purposes of ruling on Defendant's Motion, the Court will focus its inquiry on the provisions and sub-provisions of the Employment Agreement that relate to personal jurisdiction, venue, and transfer.

Cornelius from directly or indirectly soliciting Beyond's customers and employees. (Exhibit A ¶ h.ia-iib.) Cornelius does not remember signing the Employment Agreement but concedes that the attached electronic signature reflects his signature and was generated from an IP address in Peoria, Arizona. (Def. Decl. ¶ 6.)

In February 2020, Cornelius terminated his employment with Beyond and formed his own company, Cornelius Consulting LLC. (Compl. ¶ 56.;Def. Decl. ¶ 9.) Shortly thereafter, Beyond sent Cornelius a separation letter, which reminded Cornelius of his post-employment obligations and reiterated relevant provisions of the signed Employment Agreement. (Compl. ¶ 57.) Additionally, Cornelius contacted Beyond and requested copies of any agreements Cornelius signed as a Beyond employee but never received a response. (Def. Decl. ¶ 10.)

Cornelius Consulting LLC is a limited liability company and is in the practice of doing business as a Membership Merchant. (Def. Decl. ¶ 11.) Cornelius Consulting, LLC, is incorporated under the state laws of Arizona with its principal place of business in Peoria, Arizona. (Def. Decl. ¶ 11.) Further, since its formation, Cornelius Consulting LLC has only conducted business in Maricopa County, Arizona, and all business records are located in Arizona. (Def. Decl. ¶¶ 13, 15.) Cornelius is the sole employee of Cornelius Consulting LLC and has not traveled outside of Arizona on behalf of the company. (Def. Decl. ¶¶ 14,16)

II.     **LEGAL STANDARD**

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may assert a threshold defense. Here, Defendant moves to dismiss under Rules 12(b)(2) and 12(b)(3).

   A.  *Motion to Dismiss for Lack of Personal Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that personal

jurisdiction exists. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "Plaintiff must sustain its burden of proof . . . through sworn affidavits or other competent evidence, . . . not mere allegations." *Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (internal quotation marks and citation omitted). A court is required to accept the plaintiff's allegations as true and is to construe disputed factors in favor of the plaintiff. *See Metcalfe v. Renaissance Marine*, Inc. 566 F.3d 324, 330 (3d Cir. 2009).

A party may also consent by agreement to the jurisdiction of a given court and thereby waive its right to contest the court's exercise of personal jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982). "[A] contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985)). Therefore, a forum selection clause is presumptively valid and should be enforced unless it is established that: "(i) it is a result of fraud or overreaching; (ii) enforcement would violate a strong public policy of the forum; or (iii) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

    B. *Motion to Dismiss for Improper Venue*

In a federal civil case, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. Pursuant to Federal Rule of Civil Procedure 12(b)(3), a court may dismiss an action only when venue is "improper" in the forum in which it is brought.  The moving party bears the burden of proof, and courts will accept the allegations in the complaint as true unless contradicted by a defendant's sworn statements. *Bockman v. First Am. Mktg. Corp.*, 459 Fed. App'x 157, 158 n.1., 160 (3d Cir. 2012) (*citing Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25, (3d Cir. 1982)).

### C.  Motion to Transfer Venue

District courts may transfer a civil case to a different venue pursuant to 28 U.S.C. § 1404. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960))

The Court's analysis under Section 1404(a) is flexible. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30, (1988). *In Gulf Oil Corp. v. Gilbert*, the Supreme Court listed several factors which fall into two categories: (1) the private interests of the litigants; and (2) the public interest in the fair and efficient administration of justice. 330 U.S. 501, 508–509.  The private interest factors are: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability and cost of compulsory process for unwilling witnesses; (4) obstacles to a fair trial; (5) the possibility of viewing the premises, if viewing the premises would be appropriate to the

action; and (6) all other factors relating to the expeditious and efficient adjudication of the dispute. *Id.* The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

When, however, there is a valid forum selection clause, the traditional Section 1404(a) analysis is inapplicable because the forum selection clause "should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 51 (2013). The court should not consider the private interest factors, and instead, consider arguments about the public-interest factors only." *Atlantic Marine*, 571 U.S. at 64. The movant bears the burden of demonstrating a need for transfer. *Jumara*, 55 F.3d at 879.

### III.   DISCUSSION

*A.   Forum Selection Clause*

On January 31, 2018, the parties executed an Employment Agreement that contains a clause designating the forum for their disputes and consenting to personal jurisdiction. (Compl. ¶ 31., Ex. A.) Provision (p) explicitly provides that "[t]he parties hereto hereby agree that the exclusive and convenient forum and venue for any disputes between any of the parties hereto arising out of this Agreement shall be any proper state or federal court for Mercer County, New Jersey, and each of the parties hereto hereby submits to the personal jurisdiction of any such court." (Ex. A).

6

Defendant makes two arguments against enforcement of this forum selection clause. (Def. Br. at 11.) First, Defendant argues that the Employment Agreement containing the clause was one of adhesion, and thus the forum selection clause is unenforceable on unconscionability grounds. *Id.* Second, Defendant argues that the forum selection clause is enforceable because it would result in unreasonably inconvenient litigation for Cornelius and his witnesses. *Id.*

As to Defendant's first argument, a contract is not automatically a contract of adhesion simply because it is a form contract.[2] *Feldman v. Google*, 513 F. Supp. 2d 229, 241 (E.D. Pa. 2007). Moreover, failure to negotiate does not render invalid an otherwise valid forum selection clause. *See Great W. Mortgage Corp. v. Peacock*, 110 F3d 222, 229 (3d Cir. 1997) (finding that more than unequal bargaining power is needed to show that an agreement was not entered into willingly). In fact, a forum selection clause is presumed valid even when it is part of an adhesion contract. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 600 (upholding non-negotiated forum selection clause in a "form ticket contract"). Forum selection clauses are routinely upheld, even in situations, "involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause." *Home Source Indus., LLC v. Freightquote.com, Inc.*, Civ. No. 14-2001, 2014 WL 6609051, at *5 (D.N.J. Nov. 19, 2014) (quoting *Jun Zhang v. Gain Cap. Holdings, Inc.*, 2021 WL 2103233, at *22 (D.N.J. May 25, 2021). "A forum selection clause may be set aside for fraud or overreaching only if the inclusion of *that* clause in the contract was the product

---

[2] Even assuming the Employment Agreement was an adhesion contract, "[t]he determination that a contract is one of adhesion, however, is the beginning, not the end, of the inquiry." *Khan v. Dell Inc.*, Civ. No. 09-3703, 2014 WL 718314, at *6 (D.N.J. Feb. 1, 2014). "[I]n determining whether to enforce the terms of a contract of adhesion, courts have looked not only to the take-it-or-leave-it nature or the standardized form of the document but also to the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the adhering' party, and the public interests affected by the contract." *Rudbart v. New Jersey Dist. Water Supply Comm'n*, 605 A.2d 681, 687 (1992). For the reasons provided, *infra*, the Court does not reach the subsequent issue of the enforceability of the Employment Agreement, although it does note that, while Defendant summarily asserts that the Employment Agreement "was not negotiated with me" (Def. Cert. ¶ 7), he does not claim that he sought to negotiate it, much less that he was denied the opportunity.

7

of fraud or coercion." *Arentowicz v. Cap Gemini Ernst & Young U.S., LLC*, Civ. No. 2004 WL 1834600, at *4 (D.N.J. July 16, 2004) (quoting *Hoffer v. InfoSpace.com*, 102 F.Supp.2d 556, 563 (D.N.J. 2000) (interior quotation marks omitted)). It is therefore insufficient to allege, as Defendant does here, that he was induced *generally* to enter into the contract itself as a result of fraud or overreaching. *See Hoffer*, 102 F.Supp.2d at 563.

With respect to Defendant's second argument that enforcement of the forum selection clause would result in unreasonably inconvenient litigation, a party arguing that a forum selection clause is so seriously inconvenient that it is "unreasonable" must meet a strict burden of proof. *Danka Funding, L.L.C v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 471 (D.N.J. 1998)(quoting *In Re Diaz Contracting, Inc.*, 817 F.2d 1047, 1051 (3d Cir. 1987)). To demonstrate undue inconvenience, the party objecting to the forum selection clause must make a "strong showing" that the forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Hage v. American. Bd. of Obstetrics & Gynecology*, Civ. No. 19-21198, 2020 WL 3056442, at *7 (D.N.J. June 9, 2020).

Here, Defendant argues that all of his anticipated witnesses live and work in Arizona. (Def. Br. 7.) In support, Defendant provides declarations of Jonas Hensiak and Richard Jefferies, attesting that the two non-party witnesses will experience difficulties traveling to New Jersey due to work and family responsibilities. (Hensiak Decl. ¶10 attached as Ex. 2., ECF No. 9-2.; Jefferies Decl. ¶ 10 attached as Ex. 3, ECF No. 9-2.) Further, Mr. Jefferies expresses that "losing any more than a day would be detrimental" to his business. *Id*. The Court recognizes that litigating in New Jersey will be inconvenient for Defendant and for his witnesses, but this inconvenience was foreseeable at the time Defendant entered into the Employment Agreement and does not, standing alone, render enforcement unreasonable. *Fuller Co. v. RDM Tech.*, Civ. No. 99-1684,1999 WL

961217, at *3 (E.D. Pa. Oct. 15, 1999). Defendant does not claim that his witnesses would be unavailable or that he would otherwise be unable to litigate in New Jersey, and thus enforcing the forum selection clause would not effectively deny Defendant of his day in Court.

For the reasons set forth above, the Court finds that the forum selection clause in the Employment Agreement, which provides for the exclusive jurisdiction of New Jersey courts and consents to their personal jurisdiction, is both valid and enforceable. Accordingly, the Court concludes that it has personal jurisdiction over Defendant and that venue in this district is proper. It will therefore deny the portions of the Motion seeking dismissal under Rule 12 or dismissal/transfer under Section 1406. The Court will next assess whether transfer to Arizona is nevertheless warranted under Section 1404(a).

### B. Motion to Transfer

Section 1404(a) permits a district court to transfer an action to another district where it could have been initiated "[f]or the convenience of parties and witnesses [and] in the interest of justice." Ordinarily, a court would weigh both private and public factors in determining whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Here, the existence of a valid and enforceable forum selection clause means that the parties "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atlantic Marine Constr.*, 571 U.S. at 63. The Court "must deem the private-interest factors to weigh heavily in favor of the selected forum." *Id.* Accordingly, the Court will consider public-interest factors only. *Id.*

Given that Defendant resides in Arizona, the Court finds that the instant action could have been initiated in Arizona. 21 U.S.C. § 1391(b)(1). For the reasons set forth below, however, the public interest factors under *Jumara* do not weigh in favor of transfer. First, Defendant does not

9

argue that a district court in New Jersey would be unable to enforce a judgment. Second, he likewise does not argue that there are any practical considerations that could make trial in Arizona "easy, expeditious or inexpensive." Third, Defendant does assert that Arizona might address this case more quickly because this district court is suffering from six judicial vacancies. While those vacancies have since been filled, the Court is aware that this district nevertheless remains overburdened. Still, all Federal Courts are burdened, and the undersigned is reluctant to assess the third factor without evidence regarding the relative congestion of the district courts in Arizona. *See Textron Innovations, Inc. v. The Toro Co.*, Civ. No. 05-cv-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("The court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer.") (citing *Janosko v. United of Omaha Life Ins. Co.*, Civ. No. 16-1137, 2016 WL 4009818, at *11 (D.N.J. July 25, 2016)). Defendant does not offer any arguments for the remaining three public factors and contends they favor neither party. With respect to the sixth and final factor, the Court easily finds that because the law of New Jersey will apply to this matter, a trial judge in this district is more likely to be familiar with the law to be applied than a judge in the District of Arizona.

In sum, the Court finds that the private and public interest factors easily favor New Jersey as a forum for the parties' dispute. The Court will therefore deny the portion of Defendant's motion made under Section 1404(a).

## IV.     CONCLUSION

For the foregoing reasons, the Court will DENY Defendant's Motion to Dismiss and in the Alternative Motion to Transfer. An appropriate Order will follow.

Date: **September 30, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
